**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

THE-NIMROD STERLING,                                                                             PLAINTIFF
REG. #14788-424

v.                                              5:16CV00120-JLH-JTK

TRACY TAYLOR, et al.                                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.     Introduction

Plaintiff Sterling is a federal inmate incarcerated at the Beaumont Medium Federal Correctional Institution (FCI), Texas. He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging numerous improper actions by Defendants while he was incarcerated at the W.C. "Dub" Brassell Detention Center (Jail) awaiting trial on state charges in Jefferson County, Arkansas. Plaintiff asks for monetary and injunctive relief from Defendants.

Pending before the Court is the Defendants' Motion for Summary Judgment, Brief in Support and Statement of Facts (Doc. Nos. 60-62), and Plaintiff's Motion to Amend (Doc. No. 70). Plaintiff filed responses to Defendants' Summary Judgment Motion (Doc. Nos. 72-75).

## II.    Complaint

According to Plaintiff's Amended Complaint and Supplement (Doc. Nos. 14, 21), he was transferred on December 14, 2015, from Beaumont FCI to the Jail pursuant to a writ. (Doc. No. 14, p. 5).[1] Plaintiff alleged that Corporal Willie Taylor abusively placed handcuffs on his wrist "super-

---

[1] The first few pages of Plaintiff's statement of facts concern meetings with prosecutors concerning his state charges, which are not at issue in this action. Plaintiff also includes allegations of improper conduct by an Officer Smith, who is not a named Defendant. He seeks to add allegations against these individuals as Defendants in his Motion to Amend (Doc. No. 70).

2

tight" and caused him extreme pain. (Id., p. 9) He also alleged that Willie Taylor inappropriately placed him on lock-down, which continued for a week and two week-ends, resulting in cruel and unusual punishment. (Id., pp. 9-10) Defendant Tracy Taylor, an employee at the Jail (and former employee of the Plaintiff) improperly harassed, threatened and intimidated Plaintiff during his incarceration at the Jail, and made inappropriate comments about Plaintiff's wife and Taylor's attempt to speak with her. (Id., pp. 10-15) Plaintiff also claimed that Defendant Willie Taylor threatened him while Plaintiff received a haircut, stating, "you think you're safe, but you're not ... just keep it up," and "You gonna get your head knocked off." (Id., p. 16)

Plaintiff complained that although he filed numerous grievances about his treatment, Defendant Adams failed to remedy the situation. (Id., p. 18) In addition, on April 25, 2016, legal mail addressed to him from the United States District Court was opened outside of his presence. (Id.) Although Defendant Cone apologized to Plaintiff, claiming it was a mistake because she did not see his name above the address of the Jail in the window of the envelope, Plaintiff claimed Defendants conspired to interfere with his access to the courts. (Doc. No. 21) Plaintiff also complained that Defendant Parker refused to release him from his cell when he requested time to telephone his attorney, and refused to turn on the blower unit when the smell of mace which had been sprayed in another area of the Unit began to bother him. (Doc. No. 14, pp. 20-21) In addition to these separate allegations, Plaintiff claimed that all the Defendants conspired to deprive him of his constitutional rights. (Id., p. 23)

### III. Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears

the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.   Official Capacity

The Court initially agrees with Defendants that Plaintiff's monetary allegations against them in their official capacities should be dismissed. A suit against a county official in his official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). Absent such an allegation in this case, the Court finds Defendants' Motion should be granted and the monetary claims against them in their official capacities be dismissed.

### B.   Individual Capacity

Defendants also ask the Court to dismiss Plaintiff's claims against them in their individual capacities, stating they are protected from liability by qualified immunity, which protects officials who

act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Initially, this Court notes that at the time that Plaintiff was housed in the Jail, he had been convicted of federal charges.[3] In addition, he admitted in his Amended Complaint that he was transported from the FCI, Beaumont prison to the W.C. "Dub" Brassell Detention Center (Jail) for trial

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

[3]Plaintiff was convicted of two felonies, impersonating a foreign diplomatic officer, and felon in possession of a firearm, on May 21, 2015, and sentenced on September 10, 2015, to fifty-seven months imprisonment. United States of America v. The-Nimrod Sterling, 4-14-cr-00226-BRW.

on state charges. Therefore, since he already had been convicted of federal crimes, he was not a pretrial detainee during his incarceration at the Jail, despite the fact that he had not yet been convicted of the state charges. See Graham v. Connor, where the Court noted, "[a]fter conviction, the Eighth Amendment 'serves as the primary source of substantive protection ... in cases ... where the deliberate use of force is challenged as excessive and unjustified.'" 490 U.S. 386, 395 n. 10 (1989) (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)).[4]

### 1. Conditions Claims

Although "[t]he Constitution does not mandate comfortable prisons," humane conditions of confinement include "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). In order to support an Eighth Amendment violation, Plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions. Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993). The "defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'... The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (quoting Rhodes v. Chapman, 452 U.S. 337, 342 (1981) and Estelle v. Gamble, 429 U.S. 97, 104 (1977)). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety...." Wilson v. Seiter, 501 U.S. 294, 298-9 (1991) (quoting Whitley v. Albers, 475 U.S. 312,

---

[4] In Hamilton v. Lyons, the Fifth Circuit Court of Appeals held that parolees who are detained on an alleged parole violation are not considered pretrial detainees in excessive force cases, stating "'the justification for the detention of a detained parolee is dual.... [T]he detention and subsequent reincarceration of a parolee are only *triggered* by the new arrest; the detention and subsequent reincarceration are *justified* by the prior conviction.'" 74 F.3d 99, 106 (1996).

319 (1986)). Furthermore, "discomfort compelled by conditions of confinement, without more, does not violate the amendment." Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (quoting Jackson v. Meachum, 699 F.2d 578, 581 (1st Cir. 1983)).

### (a)     Lockdown

Plaintiff complained that Defendants unconstitutionally punished him when he was placed in lockdown for a week and two weekends. In response, Defendant Bolin stated that if an inmate fails or refuses to follow an order, a detention officer may place an inmate on lockdown, until the inmate will comply with orders and Jail rules. (Doc. No. 61-9, p. 7) He further stated that a short-term lockdown may be carried out without the necessity of filing a disciplinary report, and that inmates on lock-down are allowed to leave their cells to eat their meals in the day room and exercise in the exercise room. (Id.) However, in response to Plaintiff's grievance complaining that he had been placed in lock-down, Adams stated that Plaintiff was not on lockdown, and that if officers kept him there over the weekend it was due to a mistake or miscommunication. (Id., p. 6)

Accepting Plaintiff's allegation as true, that he was locked down for two weekends and the week in-between (nine-ten days), the Court finds as a matter of law that his constitutional rights were not violated. In order to support a claim for relief based on these allegations, Plaintiff must show that he was deprived of a protected liberty interest which resulted in "atypical or significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In determining whether an inmate possesses a protected liberty interest, the courts "compare the conditions to which the inmate was exposed in segregation with those he or she could expect to experience as an ordinary incident of prison life.... We do not consider the procedures used to confine the inmate in segregation." Phillips v. Norris, 320 F.3d 844, 846 (8th Cir. 2003). The courts have held that placement in administrative segregation, even without cause, is not an atypical and

significant hardship. Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2002). In this case, as noted in more detail below, Plaintiff did not allege any conditions during his short stay in lock-down which posed an atypical or significant hardship on the him.

### (b) Haircut/Television/Cell Temperature/Ventilation claims

Plaintiff complained that he was not permitted to shave or have his hair cut; yet, one of his allegations is that Defendant Taylor threatened him during one of his haircut sessions. He also complained that he was not given control of the television in his cell pod, and that the temperatures ranged from too hot to too cold. Finally, he complained that Defendant Parker refused to turn on the blower in the unit when fumes from mace caused him to choke. These allegations do not support constitutional claims for relief. Conditions which "deprive inmates of the minimal civilized measure of life's necessities," may be considered cruel and unusual, and therefore, unconstitutional. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Id. (quoting Wilson v. Seiter, 501 U.S. at 304)).

"Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008) (quoting Smith v. Coughlin, 748 F.2d at 787 (other citations omitted.))

In this case, Plaintiff admitted that he did receive a haircut. However, even if he was not provided such as often as he would have liked, that failure did not deprive him of a single identifiable human need. In addition, there is no constitutional right to watch television. Gladson v. Rice, 862 F.2d 711, 713 (8th Cir. 1988); Temple v. Dahm, 905 F.Supp. 670, 674 (D.Neb. 1995).

Plaintiff also did not allege sufficient facts to support a finding that the temperatures were so cold or so hot over a significant period of time that he was deprived of a civilized measure of life's necessities.  Finally, he also did not allege that he suffered from any particular distress or difficulty from the spraying of mace in another area of the Jail, which would have caused such a deprivation. Therefore, the Court finds that no reasonable fact finder would find that the allegations show that Defendants' actions were constitutionally unreasonable.

### (c)     Mail

The Court also finds no constitutional violation with respect to Plaintiff's allegation that Defendants improperly opened his legal mail.  First, he clearly identified the mail as something sent from the United States District Court.  Therefore, the mail he received was probably a copy of document which was filed in a case and was a matter of public record.  Plaintiff did not specify that the mail was "privileged," such as from his attorney.  See Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1982).  In addition, Plaintiff admitted the incident occurred once, and that Defendant Cone apologized for her actions.  Without any additional allegations of injury to a legal proceeding or bad faith by Defendant Cone, the Court finds that this allegation fails to support a constitutional claim for relief.[5] (See also Defendant Bolin's declaration, Doc. No. 61-9, pp. 4-5.)

### (d)     Threats

Plaintiff claimed Defendants Willie Taylor and Tracy Taylor threatened and intimidated him, and that Defendant Tracy Taylor inappropriately attempted to contact his wife.  He also claimed that Tracy Taylor was his former employee and testified against him in grand jury proceedings.  In his response to interrogatories, Tracy Taylor stated that he was a driver for the Plaintiff for pay on two or

---

[5] In Lewis v. Casey, the court held that an inmate must plead and prove that the Defendants' actions "hindered his efforts to pursue a legal claim." 518 U.S. 343, 351 (1996).

three occasions, and that although he was subpoenaed to appear before a federal grand jury, he did not have the means or funds to attend and did not testify in any matters related to Plaintiff. (Doc. No. 51-4, pp. 2-3) In addition, in response to a grievance that Plaintiff filed about Tracy Taylor's contact with his wife, Defendant Bolin responded that Taylor was questioned about the incident and explained that he passed Plaintiff's wife on the street while walking home from his shift. (Doc. No. 61-2, p. 5)

"Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997) ( quoting Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992)). In addition, a threat to commit an unconstitutional act does not create a constitutional wrong. Howard v. Elam, No. 4:09CV01103 ERW, 2009 WL 2253425 *2 (E.D.MO) Plaintiff did not allege that Defendants' threats prevented him from exercising his constitutional rights, such as filing grievances about the issues, and the Court finds that no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

### (e) Excessive Force

Plaintiff's complaint that Defendant Willie Taylor improperly placed handcuffs on him also fails to support a constitutional claim for relief. To support a claim of excessive force, Plaintiff must allege and prove that force was not applied in a good-faith effort to maintain or restore discipline, but rather, maliciously and sadistically to cause harm. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). While the absence of serious injury to the Plaintiff is relevant, it is one factor to consider in determining "whether the use of force could plausibly have been thought necessary," and might also indicate the amount of force applied. Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). Finally, "an inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim. Id. at 38 (quoting Hudson v. McMillian, 503

U.S. 1, 9 (1992)). Plaintiff alleged in his amended complaint that the cuffs were "super tight," but admitted that it was "just to walk ... less than 100-feet to the Captain's office." (Doc. No. 14, p. 9) He did not allege any discernable injury or that Defendant Taylor acted in bad faith. Therefore, the Court finds that this incident does not support a constitutional claim for relief.

### 2. Conspiracy

The Court also agrees with Defendants that Plaintiff cannot prove a conspiracy claim against them, because he failed to show that any of their alleged acts rose to the level of a deprivation of his constitutional rights. In response, Plaintiff maintains that since he was incarcerated as a pretrial detainee, any of the actions which constituted punishment were improper.

To prove a claim of conspiracy, Plaintiff must allege and show that "Defendant conspired with others to deprive him or her of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff." Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999). In this case, however, since the Court found that Plaintiff was not incarcerated as a pretrial detainee, and Defendants did not violate any of Plaintiff's constitutional rights, he cannot support a claim of conspiracy.

## IV. Motion to Amend

In this Motion, Plaintiff asks to amend his Complaint to add as Defendants the two prosecutors mentioned in his Amended Complaint, his Court-appointed attorney, and several other officers who he claims were part of the overall conspiracy to threaten and harass him at the Jail. He also asks to amend to add allegations against four officers at FCI, Beaumont.

The Court finds that Plaintiff's Motion should be denied, given the present recommendation to dismiss his claims against the existing Defendants. In addition, some of the claims Plaintiff seeks to add occurred separate in time from the Jail claims, and concern Defendants who are located in

another judicial district.[6]

**V.      Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.      Defendants' Motion for Summary Judgment (Doc. No. 60) be GRANTED.

2.      Plaintiff's Motion to Amend (Doc. No. 70) be DENIED.

3.      Plaintiff's complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 28th day of February, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[6] 28 U.S.C. § 1391(b)